PEOPLE *ex rel.* FLYNN *v.* HAYDEN, Commissioner.

(*City Court of Brooklyn, General Term.* October 26, 1891.)

1. POLICEMEN—DISMISSAL—REVIEW—WEIGHT OF EVIDENCE.
    The action of the police commissioner in dismissing a patrolman from the force for violation of the rules will not be interfered with on *certiorari*, where the evidence is conflicting.
2. SAME—COMPETENCY—DOCUMENTS.
    Nor will it be disturbed on the ground that the commissioner received in evidence an envelope containing relator's previous record on the force, where no objection was taken at the time, and it does not appear that relator was not allowed to read its contents.

*Certiorari* by Joseph Flynn to review the action of Henry I. Hayden, commissioner, in dismissing him from the police force.

Argued before CLEMENT, C. J., and VAN WYCK and OSBORNE, JJ.

E. F. O'Dwyer, for plaintiff. F. A. McCloskey, for defendant.

PER CURIAM. The relator, Joseph Flynn, was appointed patrolman on April 17, 1889, and was dismissed from the force on the 1st day of August, 1890. He was charged with the violation of the rule of the department which provides that a member while in uniform shall not enter a saloon, except in the performance of his duty. Charges were preferred in proper form, and a trial was had, and testimony taken. A *certiorari* was granted, and the pro-

ceedings before the commissioner are now before us for review. The learned counsel for the relator contends that there was not sufficient evidence to uphold the finding that he (Flynn) was guilty of the charge. The testimony before the commissioner was conflicting, and, after a careful review of the record, we see no reason to disturb his conclusion. The relator complains that on the trial an envelope, containing his previous record in the department, was received in evidence. No objection was taken at the time, and we assume that the contents were the same as printed at folio 33. It does not appear that the envelope was sealed, or that the relator was not allowed to read its contents. We cannot understand why the envelope was offered in evidence, and do not approve of the practice, but cannot see that any injury was done to the relator. Mr. and Mrs. McCabe did not fail to appear for cross-examination. Their examination was completed, and, if the counsel for relator desired their appearance again for cross-examination, his remedy was by subpœna, and by attachment for non-attendance. Proceedings affirmed, with $50 costs and disbursements.